UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HITACHI ASTEMO INDIANA, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cv-01345-JPH-TAB ) |
| XPO LOGISTICS, LLC, | ) ) ) |
| Defendant. | ) ) |
| XPO LOGISTICS, LLC, | ) ) ) |
| Counter Claimant, | ) ) |
| v. | ) ) |
| HITACHI ASTEMO INDIANA, INC., | ) ) |
| Counter Defendant. | ) ) |

**ORDER DENYING MOTION TO EXCLUDE EXPERT TESTIMONY**

Hitachi Astemo Indiana filed this breach-of-contract action against XPO Logistics alleging that XPO charged far more for shipping logistics than their agreement allowed. Hitachi has retained D. Shawn Shaw as an expert on logistics and freight management. XPO has filed a motion to exclude Mr. Shaw's testimony. Dkt. [72]. For the reasons that follow, that motion is **DENIED.**

I.
Facts and Background

In 2017, Hitachi—at the time named Keihin North America—decided to hire a logistics company to manage its shipments. *See* dkt. 58-3 at 28–31. It

1

eventually hired XPO, and they finalized their agreement on September 25, 2017.  Dkt. 58-3 at 1–21 (Agreement); dkt. 58-1 at 4.  XPO provided logistics services to Hitachi until the Agreement terminated on September 25, 2019.  Dkt. 58-1 at 5.

Hitachi filed this case in April 2020 in Indiana state court, alleging that XPO breached the Agreement by failing to invoice Hitachi as the Agreement required.  Dkt. 1-2.  In the alternative, Hitachi alleges unjust enrichment and money had and received.  *Id.* at 6–8.  XPO removed the case to this Court in May 2020, dkt. 1, and filed counterclaims for breach of contract and, alternatively, unjust enrichment, dkt. 30.

Hitachi has retained D. Shawn Shaw to provide expert testimony on logistics and freight management.  Dkt. 72-1 at 2–3, 13 (Shaw report).  Mr. Shaw is the President and CEO of Global Transportation Management Solutions, which uses proprietary technology to "audit invoices . . . according to the agreements and tariffs between" the shipping customer, their carriers, and logistics providers.  *Id.* at 2, 8.  Global Transportation has audited "all 10,912 XPO invoices that [Hitachi] paid."  *Id.* at 10.  Applying "a discount rate of 83% off the CzarLite 1-1-1999 pricing tariff," Mr. Shaw has "reached the opinion that XPO overcharged [Hitachi] and [Hitachi] overpaid XPO by $2,072,494.45."  *Id.* at 4.

Neither party has requested a jury trial, *see* dkt. 81, and this case is currently set for a bench trial, dkt. 76.  XPO has filed a motion to exclude Mr. Shaw's expert testimony at trial.  Dkt. 72.

2

## II.
## Applicable Law

Federal Rule of Evidence 702 "confides to the district court a gatekeeping responsibility" to ensure that expert testimony is both relevant and reliable. *Kirk v. Clark Equip. Co.*, 991 F.3d 865, 872 (7th Cir. 2021) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 593–94 (1993)). "In performing this role, the district court must engage in a three-step analysis, evaluating: (1) the proffered expert's qualifications; (2) the reliability of the expert's methodology; and (3) the relevance of the expert's testimony." *Id.* (quoting *Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 779 (7th Cir. 2017)).

For the first step, a witness must be qualified "by knowledge, skill, experience, training, or education." Fed. R. Evid. 702; *Hall v. Flannery*, 840 F.3d 922, 926 (7th Cir. 2016). General qualifications are not enough; a foundation for answering specific questions is required. *Hall*, 840 F.3d at 926. A witness qualified with respect to the specific question being asked may give opinion testimony if:

> a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> b) The testimony is based on sufficient facts or data;
> c) The testimony is the product of reliable principles and methods; and
> d) The expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702; *Hall*, 840 F.3d at 926.

For the second step, the Court must make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid." *Kirk*, 991 F.3d at 872 (quoting *Daubert*, 509 U.S. at 592–93). Relevant factors may include "whether the expert's theory has been (1) tested, (2) subjected to peer review and publication, (3) analyzed for known or potential error rate, and/or is (4) generally accepted within the specific scientific field." *Id.* "[T]his list is neither exhaustive nor mandatory." *Gopalratnam*, 877 F.3d at 780. Instead, the test is "flexible" because "the gatekeeping inquiry must be tied to the facts of a particular case" and "the precise sort of testimony at issue." *Id.*

If step two is satisfied, the proponent "must then show that the expert testimony will assist the trier of fact." *Id.* For this step, the Court "evaluates whether the proposed scientific testimony fits the issue to which the expert is testifying." *Id.*

### III.
### Analysis

XPO argues that Mr. Shaw should be excluded from testifying under *Daubert* because (1) he is unqualified, (2) his testimony is based on unproven methodology, and (3) he has a financial interest in the outcome of the litigation. Dkt. 73 at 1. This case, however, is set for a bench trial, dkt. 76, and the Seventh Circuit has consistently held that when "a trial judge conducts a bench trial, the judge need not conduct a *Daubert* (or Rule 702) analysis before presentation of the evidence, even though he must determine admissibility at

some point." *Kansas City S. Ry. Co. v. Sny Island Levee Drainage Dist.*, 831 F.3d 892, 900 (7th Cir. 2016); *see Estate of Stuller v. United States*, 811 F.3d 890, 895 n.3 (7th Cir. 2016); *In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006) ("[W]here the factfinder and the gatekeeper are the same, the court does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702.").

That is the better path here, because it will allow for a *Daubert* and Rule 702 analysis on a complete record, including further testimony from Mr. Shaw based on admitted evidence and relevant testimony from other witnesses. The motion to exclude Mr. Shaw's expert testimony is therefore **DENIED**, without prejudice to being raised in conjunction with the bench trial. Dkt. [72].

**SO ORDERED.**

Date: 8/16/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Tracy Nicole Betz
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
tbetz@taftlaw.com

Darren Andrew Craig
FROST BROWN TODD LLC (Indianapolis)
dcraig@fbtlaw.com

Tristan Carl Fretwell
TAFT STETTINIUS & HOLLISTER LLP
tfretwell@taftlaw.com

Cameron Suzanne Trachtman
FROST BROWN TODD LLC (Indianapolis)
ctrachtman@fbtlaw.com

Adam Daniel Zacher
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
azacher@taftlaw.com